UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Chapter 11 Bankruptcy |
| Wagstaff Minnesota, Inc., *et al.*, | Bankruptcy No. 11-43073 |
| Debtors. | Jointly Administered |

KFC Corporation,

       Appellant,

v.                                                                                              Civil No. 11-2450 (JNE/JJG)
                                                                                           ORDER

Wagstaff Minnesota, Inc., *et al.*,
Official Committee of Unsecured
Creditors of Wagstaff Minnesota,
Inc., *et al.*, General Electric Capital
Corporation, *et al.*,

       Appellees.

KFC Corporation (KFCC) appeals a final order of the Bankruptcy Court for the District of Minnesota. Appellees (Debtors) jointly request certification under 28 U.S.C. § 158(d)(2) and Fed. R. Bankr. P. 8001(f) for a direct appeal to the United States Court of Appeals for the Eighth Circuit. KFCC opposes the request for certification. The Court denies Debtors' request.

**I.       BACKGROUND**

Debtors operate restaurants as KFCC franchisees. Debtors defaulted under the franchise agreements, KFCC terminated the agreements, and the parties negotiated and executed a new set of documents which form the basis of the underlying dispute on appeal. Specifically, the parties disagree as to whether this set of documents should be considered one indivisible contract. All briefings have been submitted to the District Court on the substantive appeal.

Debtors request certification for a direct appeal to the Eighth Circuit because (1) the losing side at the district court level is likely to appeal; (2) there is $50 million at stake for the secured creditors plus some additional amount for the unsecured creditors; (3) pendency of an appeal adds uncertainty to the process of proposing and confirming a plan of reorganization for the seventy-seven restaurants affected by the reorganization.

## II. DISCUSSION

A court of appeals has jurisdiction of appeals from the bankruptcy court under 28 U.S.C. § 158(d)(2)(A) if the district court certifies that:

> (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
>
> (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
>
> (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken.

28 U.S.C.A. § 158(d)(2)(A). Debtors urge certification under part (iii). The case upon which Debtors rely in support of their assertion that part (iii) allows for direct appellate court review is a bankruptcy court opinion for the Southern District of Texas.[1] *In re MPF Holding U.S. LLC*, 444 B.R. 719 (Bankr. S.D. Tex. 2011). In *MPF Holding*, the bankruptcy court did allow certification, but under *both* parts (ii) and (iii) of 28 U.S.C. § 158(d)(2)(A).[2] *Id.* at 726-28. The bankruptcy court in *MPF Holding* found a direct appeal was necessary to resolve conflicting decisions by other courts. *Id.* at 726-27. Additionally, the court found direct appeal would

---

[1] The bankruptcy court, district court, or the bankruptcy appellate panel all have the ability to certify bankruptcy cases to the court of appeals. 28 U.S.C. § 158(d)(2)(A).
[2] The United States Court of Appeals for the Fifth Circuit granted the motion for leave to appeal pursuant to 28 U.S.C. § 158(d). *In re MPF Holdings* [sic] *US, LLC*, No. 11-20478 (5th Cir. June 28, 2011) (order granting leave to appeal).

materially advance the case, because the amount in controversy was $25 million—a large sum such that appeal of a district court decision was likely—and the appeal would determine whether unsecured creditors would receive payment. *Id.* at 727-28. The court found it "important" that the defendants and the litigation trustee both *agreed* that part (iii) was applicable. *Id.* at 728. Here, there is no agreement, and part (ii) does not apply. It is not evident that *MPF Holding* would have been certified only on part (iii). There is a large sum of money at issue in this case such that an appeal to the United States Court of Appeals for the Eighth Circuit may indeed be likely, but that alone is insufficient to warrant certification of a direct appeal.

In resisting part (iii) certification, KFCC directs the Court to *In re Johns-Manville Corporation*, 449 B.R. 31 (S.D.N.Y. 2011). As here, *Johns-Manville* was an appeal from a final judgment of the bankruptcy court, involved issues of contract interpretation, and concerned a request for direct appeal (it was not a joint request) that was based solely on part (iii) of 28 U.S.C. § 158(d)(2)(A). *Id.* at 33-34. In denying certification, the district court in *Johns-Manville* noted that the appeal was from a final order of the bankruptcy court and not an interlocutory appeal. *Id.* at 34. Therefore a ruling by the circuit court would not advance the progress of the case in bankruptcy court. *Id.* Here, Debtors correctly point out that there is uncertainty surrounding reorganization while an appeal is pending. However, that is far from unique to this case. As KFCC points out, uncertainty to creditors in reorganization after a Chapter 11 bankruptcy is present in most cases. Creditor uncertainty alone does not meet the requirements of 28 U.S.C. § 158(d)(2)(A).

The Court's own research reveals two cases in which the United States Court of Appeals for the Eighth Circuit authorized direct appeal. *In re Mierkowski*, 580 F.3d 740, 741 (8th Cir. 2009); *AmeriCredit Financial Services, Inc. v. Moore*, 517 F.3d 987, 989 (8th Cir. 2008). But

both of those cases presented important and unsettled questions of law involving bankruptcy statutory interpretation. *Mierkowski*, 580 F.3d at 741-43; *AmeriCredit*, 517 F.3d at 989. This case involves contract interpretation—an issue appropriate for this Court.

The Second Circuit has indicated that, outside of two situations, the circuit court is likely to benefit from the district court's consideration of the matter. *Weber v. United States Trustee*, 484 F.3d 154, 160 (2nd Cir. 2007). These situations occur when there is "uncertainty in the bankruptcy courts" and when it is "patently obvious that the bankruptcy court's decision is either manifestly correct or incorrect." *Id.* at 161. The Debtors here do not suggest that the case involves an unsettled area of law. The correctness or not of the Bankruptcy Court's decision here is not "patently obvious." Four documents with numerous clauses requiring interpretation lie at the heart of the parties' dispute. This Court cannot say that the Bankruptcy Court's decision was either "manifestly correct or incorrect."

Direct appeal presents attractive benefits of convenience and efficiency. However, for the reasons already stated, the Court concludes that this case does not meet the relevant statutory standard.

### III. CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT: Debtors' Request for Certification of Appeal to the United States Court of Appeals for the Eighth Circuit [Docket No. 18] is DENIED.

Dated: October 26, 2011

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge